UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **KELLY PINN**, *individually, and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**VEHICLE PROTECTION SERVICES LLC,**<br>*Defendant.* | **Case No.:** 3:21-cv-2907<br><br>**Class-Action**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, **Kelly Pinn,** individually, and on behalf of all others similarly situated, ("Plaintiff" or "Ms. Pinn"), through her counsel, and for her Class Action Complaint against Defendant **Vehicle Protection Services, LLC** ("Defendant" or "VPS"), states:

### Introduction

1. Plaintiff's Class-Action Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* and the Texas Telephone Solicitation Act, ("Texas TSA"), Tex. Bus.& Com. Code § 302.101 *se seq.*

2. In 1991, President George H.W. Bush signed into law the TCPA, which was passed in a bi-partisan manner, to protect consumers' privacy rights. Specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4.      The TCPA, through the accompanying Code of Federal Regulations, 47 C.F.R. § 64.1200 *et seq.,* affords special protections for people who registered their phone numbers on the National Do Not Call Registry.

5.      Where a consumer's phone number is registered on the Do Not Call registry, the TCPA requires that telemarketers provide clear and conspicuous notice to the consumer that it will be making telemarketing calls for solicitation or advertising purposes, and requires that the consumer provide express written consumer.

6.      Section 227(c)(5) of the TCPA provides that each person who receives more than one call within a 12-month period on their phone, where that person did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

7.      Furthermore, § 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

8.      Plaintiff seeks to exercise her rights under the TCPA and the Texas TSA against Defendant VPS on behalf of herself and other similarly situated putative class-members.

## The Parties

9.      Plaintiff Kelly Pinn is an adult citizen who all times relevant to this Complaint resided in in Irving, Texas.

10. Defendant VPS is a California corporation, which maintains its headquarters at 300 Spectrum Center Dr Suite 400, Irvine, CA 92618

11. VPS is a telemarketing company that sells extended warranty services to consumers.

12. VPS transacts business in Texas and throughout the United States.

## Jurisdiction and Venue

13. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

15. Defendant continuously and systematically transacts business in the State of Texas.

16. Defendant placed calls to Plaintiff on her cell phone with an "817" area code, which is a Texas area code associated with the Dallas-Fort Worth region.

17. Defendant's phone calls attempted to solicit business from Plaintiff.

18. Furthermore, after Plaintiff ordered a warranty service plan for investigative purposes, VPS delivered a warranty service plan to Plaintiff at her Texas address.

19. Plaintiff received the unwanted telemarketing calls while residing in the State of Texas.

20. At all times relevant hereto, Plaintiff resided in Dallas County, which is within this District.

21. Plaintiff experienced the harm associated with Defendant's irritating and invasive telemarketing calls while she was in this District.

22. For the foregoing reasons, personal jurisdiction exists and venue is proper, pursuant to 28 U.S.C. § 1391(b)(2).

**Statement of Relevant Facts**

23. At all times relevant to this Complaint, Ms. Pinn owned a cell phone, the number for which was 817-XXX-2161.

24. Ms. Pinn used that cell phone primarily for residential purposes.

25. Ms. Pinn registered her cell phone number on the National Do Not Call Registry on or around February 9, 2009.

26. Ms. Pinn registered her cell phone number on the National Do Not Call Registry to obtain solitude from unwanted and invasive telemarketing calls.

27. Defendant VPS is a national telemarketing company that sells extended warranties for various automobile warranty administrators.

28. VPS markets products and services, in part, through placing telephone calls to prospective customers' cellular and landline phones.

29. Before VPS began placing telemarketing calls to Pinn's cell phone, VPS did not present a clear and conspicuous disclosure to Ms. Pinn that it would make telemarketing calls to her.

30. Likewise, Ms. Pinn did not provide consent for VPS to place such telemarketing calls.

31. Ms. Pinn had no prior business relationship with VPS.

32. Ms. Pinn was not in the market for extended warranty plans and had not consented to receive calls from telemarketers selling same.

33. Prior to the solicitation calls at issue, Ms. Pinn never inquired of VPS about any products or services.

34. Despite the foregoing, VPS placed invasive and irritating telemarketing calls Ms. Pinn's cell phone on multiple occasions in furtherance of its efforts to sell extended warranty plans for her vehicle.

35. Those calls were made on instances including but not limited to:

- April 15, 2021 at 10:32 am CST; and
- May 25, 2021 at 5:35 pm CST.

36. After those two unlawful calls, for investigative purposes, Ms. Pinn purchased an extended warranty plan from VPS to ascertain the identity of the company placing unsolicited telemarketing calls.

37. VPS mailed to her that warranty plan. A true and correct copy of the application page of that plan is attached as Exhibit "A."[1]

38. Plaintiff was annoyed, irritated, upset and experienced a sense that her privacy was violated by Defendant as a result of receiving multiple unwanted and unsolicited phone calls after she had long been registered on the National Do Not Call Registry.

39. Furthermore, an online search through the Texas Secretary of State's website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp, has confirmed that VPS is not

---

[1] The Plaintiff's last name on the warranty plan appears as "Robinson" - which is her maiden name.

registered to engage in telephone solicitation within the State of Texas, despite the legal obligation to do so.

## Class Allegations

40. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Ms. Pinn brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

41. Upon information and belief, at all times relevant hereto, VPS did not provide clear and conspicuous notice that it will make telemarketing calls to consumers before doing so, even if a consumer had placed his or her number on the National Do Not Call Registry.

42. Likewise, upon information and belief, at all times relevant hereto, VPS did not obtain express written consent or permission to place telemarketing calls to consumers even if a consumer had placed his or her number on the National Do Not Call Registry.

43. Furthermore, upon information and belief, VPS called hundreds if not thousands of Texas residents with Texas area codes to solicit goods or services without first having registered to engage in telephone solicitation with the Texas Office of the Secretary of State.

44. Ms. Pinn seeks to represent the following class:

   1. **Do-Not-Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than phone call from VPS or someone acting on its behalf, for the purpose of soliciting goods or services, during a 12-month period; and, (2) received those calls on numbers that registered on the Do Not Call Registry for more than 31 days at the time the call(s) were received; and

   2. **Texas Solicitation Class:** For two years prior to the filing of this suit until the date the class is certified, all persons with Texas area codes who received a marketing call or text message from VPS (or someone acting on its behalf) and at such time VPS had not obtained a registration certificate from the Texas Office of the Secretary of State.

45. Ms. Pinn reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

46. The members of the proposed classes are so numerous that joinder of all members is impracticable. Ms. Pinn reasonably believes that hundreds or thousands of people have been harmed by VPS's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to VPS or those acting on its behalf.

47. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

48. On information and belief, VPS has called and continues to call/text people who are registered on the National Do Not Call Registry. It is reasonable to expect that VPS will continue to make such calls/texts absent this lawsuit.

49. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

   a. Whether VPS or someone acting on its behalf placed two or more telemarketing calls to Ms. Pinn and the putative class members after their numbers were registered on the National Do Not Call Registry more than 31 days;
   b. Whether VPS' policies and procedures for providing disclosure that telemarketing calls would be made to a consumer was adequately clear and conspicuous;
   c. Whether VPS' policies and procedures for procuring express written consent or permission to place telemarketing calls to consumers on the Do Not Call Registry were adequate;
   d. Whether VPS' conduct violates 47 U.S.C. § 227(c)(5);
   e. Whether VPS' conduct violates the rules and regulations implementing the TCPA;
   f. Whether Ms. Pinn and the putative class members are entitled to increased damages for each violation based on the willfulness of VPS's conduct;

7

      g. Whether VPS violated Plaintiff and putative class members' rights under the Texas Business and Commerce Code by placing telemarketing calls to Texas residents without obtaining a registration certificate from the Office of the Secretary of State.

50. Mr. Pinn's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

51. Ms. Pinn and her counsel will fairly and adequately protect the interests of the members of the proposed class. Pinn's interests do not conflict with the interests of the proposed class she seeks to represent. Pinn has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

52. Ms. Pinn's counsel will vigorously litigate this case as a class action, and Pinn and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

53. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

54. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

55. Questions of law and fact, particularly the propriety of calling phone numbers registered on the National Do Not Call Registry and calling Texas numbers to solicit goods and services without having registered with the Texas Office of the Secretary of State, predominate over questions affecting only individual members.

56. VPS' acts and omissions underlying this action apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA")
### 47 U.S.C. § 227(c)(5)

57. Pinn incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

58. Ms. Pinn brings this Count individually and on behalf of all others similarly situated.

59. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

60. The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500 per violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

61. In addition, the TCPA allows the Court to enjoin VPS's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

62. By calling Ms. Pinn and the putative class members after their numbers were registered on the National Do Not Call Registry, VPS violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

63. VPS knew or should have known that Ms. Pinn and the putative class members had their numbers registered on the Do Not Call Registry.

64. Pinn and the putative class members are entitled to damages of $500.00 per violation for each call placed by VPS and up to $1,500.00 per violation if the Court finds that VPS willfully violated the TCPA.

## PRAYER FOR JUDGMENT

WHEREFORE Plaintiff Kelly Pinn, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant VPS, LLC pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Pinn as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC and as class counsel;

c. Enter judgment in favor of Ms. Pinn and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if VPS, LLC willfully violated the TCPA;

d. Enter a judgment in favor of Ms. Pinn and the putative class that enjoins VPS from violating the TCPA's regulations prohibiting Lending from calling/texting numbers registered on the National Do Not Call Registry;

e. Award Ms. Pinn and the class all expenses of this action, and requiring VPS to pay the costs and expenses of class notice and administration; and,

      f.   Award Ms. Pinn and the class such further and other relief the Court deems just and appropriate.

## Count II – Violations of § 302.101 et seq. of
## The Texas Business & Commercial Code

65. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

66. Pinn received solicitation calls from VPS while located in Texas on her phone with a Texas area code.

67. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

68. VPS violated § 302.101 of the Texas Business & Commercial Code when it engaged in telephone solicitation toward Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

69. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

70. Pinn and the putative class members are entitled to damages of $5,000.00 per violation for each call unlawful call, as well as attorneys' fees and costs.

## DEMAND FOR JUDGMENT

WHEREFORE Plaintiff, Kelly Pinn, individually, and on behalf of all others similarly situated, request the Court grant the following relief:

a. Enter an order against VPS, pursuant to Federal Rule of Civil Procedure Rule 23, certifying this action as a class action and appointing Plaintiff Kelly Pinn as representatives of the class;

b. Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC and as counsel for the class;

c. Enter judgment in favor of Plaintiff, and the putative class members for all damages available under Texas Commercial & Business Code, including statutory damages of $5,000 per violation;

d. Enter judgment in favor of Plaintiff and the putative class members against VPS and enjoining VPS from placing marketing calls before obtaining a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made;

e. Award Plaintiff and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration;

f. Award Plaintiff and the class all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees; and,

g. Award Plaintiff the class such further and other relief the Court deems just and appropriate.

[THIS PORTION OF THE PAGE IS INTENTIONALLY LEFT BLANK]

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Kelly Pinn demands a jury trial in this case.

Respectfully submitted,

Dated: November 18, 2021   By: /s/ *Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Christopher E. Roberts (to seek admission *pro hac*)
Butsch Roberts & Associates LLC
231 S. Bemiston Ave., Suite 260
Clayton, MO 63105
Tel: (314) 863-5700
Fax: (314) 863-5711
roberts@butschroberts.com